JOSEPH A. CORMIER v. LUCILLE WILLIAMS, a *feme sole*

4 So. (2nd) 525
En Banc
Opinion Filed September 26, 1941
On Rehearing November 14, 1941
Rehearing Denied December 1, 1941

*Blackwell & Walker,* for Plaintiff in Error;
*J. M. Flowers* and *Taylor & Segall,* for Defendant in Error.

TERRELL, J.—This writ of error was a final judgment procured by defendant in error against the plaintiff in error for personal injuries resulting from an automobile collision while the former was the guest of the latter driving on a public highway.

It is first contended that the declaration is insufficient in that it merely alleges that the plaintiff was injured as a result of the gross negligence of the defendant by reason of the fact that his car zigzagged on the road immediately before the collision took place in which she (plaintiff) was hurt.

The guest statute, c. 18033, Acts of 1937, among other things, provides that the owner of an automobile shall not be liable for damages to his guest in case of accident unless the latter was caused by the "gross negligence or wilful and wanton misconduct of the owner or operator and unless such gross negligence or wilful and wanton misconduct was the proximate cause of the injury."

The theory of the plaintiff in error is that the declaration should state with greater particularity what the gross negligence complained of consisted in. We are not unmindful of the rule contended for but the declaration has been examined and we think it is sufficient. If the evidence shows that the plaintiff

was injured in an accident resulting from defendant's car zigzagging across the road because of being operated in a grossly negligent manner, that is all the statute requires. Gross negligence or any degree of negligence may be determined by the consequences of one's conduct as well as the conduct itself.

The accident took place about five o'clock on a January morning. The parties had been out all night reveling in the night life of the most famous beach resort in this country. The evidence shows that when the accident occurred, they had started home, that they had wined and dined at intervals but as to whether either was drunk, it is in conflict. If the evidence be taken at face value, we may reasonably conclude that he was under the influence of something more stimulating than *aqua pura* since his car was wabbling from one side of the road to the other when it abruptly became enmeshed with the car of another travelling in the opposite direction. As a result of the collision, plaintiff lost a flock of teeth, suffered severe bodily injuries and lacerations, her back was permanently injured, she was deprived of her salary for a long time, incurred large doctors' bills, and by reason of permanent injuries, will never have the earning capacity she once had.

It is next contended that the following provision in the guest statute, to wit: "the question or issue of negligence, gross negligence, and wilful or wanton misconduct, and the issue or question of assumed risk, shall in all such cases be solely for the jury," violates the Constitution of Florida in that it is an attempt on the part of the legislature to exercise judicial power.

If the quoted provision of the statute is construed

to prevent the courts from passing on the legal sufficiency of the evidence, there is merit to this contention but we do not so construe it. In our view, the provision is surplusage and adds nothing to the power of the jury that it did not already possess. If there is a basis in reason for the jury's conclusion, we will not disturb it though it is not out of place to say that the legal sufficiency of the evidence is at all times, when duly presented, a question for the Court to settle.

In its last analysis, the only real question here is whether or not the facts alleged and proven constituted gross negligence or some other degree of negligence on the part of defendant. When a gentleman invites a lady to join him in a spooning jaunt along the Riviera, she is a party to a common enterprise at his solicitation and may expect to be returned home before he reaches the point that it takes both sides of the road to drive on. The guest statute applies to riders taken on by the carrier as a gratuity. When compensation moves from the carried to the carrier, there is no area for the operation of the guest statute. On consideration of the cause and result of the accident, the jury said yea to the main question. We find no reason to hold that they should have answered nay.

The terms "gross negligence" and "willful and wanton misconduct" as used in c. 18033, Acts of 1937, may not be technically "synonymous," but they may be similar in their elements and effect; and the necessary allegation and proof of facts constituting either with proximately resulting injury may warrant a recovery of appropriate damages by due course of law.

Affirmed.

WHITFIELD, BUFORD, and CHAPMAN, J. J., concur.

BROWN, C. J., dissents to opinion but concurs in judgment of affirmance.

ADAMS, J., dissents from opinion but concurs in judgment.

THOMAS, J., agrees to judgment only.

BROWN, C. J., dissenting, but concurring in the judgment of affirmance.

This case is before us for review of a judgment of the circuit court in and for Dade County in favor of the plaintiff in the court below and defendant-in-error here for damages in a personal injury action arising out of a collision between the car driven by the plaintiff-in-error, defendant below, and another automobile proceeding in an opposite direction, which collision occurred on Biscayne Boulevard in the northern outskirts of the City of Miami.

The declaration alleged that "while plaintiff was a guest passenger in the aforesaid automobile operated by the defendant, as aforesaid, said defendant drove said automobile in a grossly negligent and grossly careless manner, in that said defendant while approaching said intersection drove said automobile operated by him, in a series of short, sharp turns and angles from side to side, in a zigzag manner . . . so as to cause said automobile to travel from the Easterly side of said Biscayne Boulevard to the extremely Westerly side of said Biscayne Boulevard, into the path of the said Chevrolet coach which was then and there approaching on the Westerly side of said Biscayne Boulevard" and that as a proximate result the collision took place and the plaintiff suffered quite serious personal injuries. The defendant filed pleas of the general issue and contributory negligence.

It is not necessary to review the testimony. Suffice it to say that there was testimony introduced by the plaintiff tending to prove the allegations of her declaration. We might observe, however, that the plaintiff testified that she was living in Hollywood at the time and that the defendant invited her to go out with him on a Saturday evening about nine-thirty, and that he drove down to Miami Beach where they attended the opening night of a night club there and had dinner at that place. After spending some time there they visited another place of that character and were returning to Hollywood, between four and five o'clock in the morning, when the collision took place. After the testimony was closed the case was submitted to the jury and a verdict was returned in favor of the plaintiff in the sum of $2500, and motions for new trial, for judgment *non obstante veredicto* and in arrest of judgment were all overruled by the court.

One of the grounds of the motion for new trial was that the court erred in charging the jury, at the request of the plaintiff, as follows:

"Gentlemen, of the Jury, I charge you that upon the issue as raised by the pleadings in this case as to whether or not the Defendant in this case operated the automobile in which the Plaintiff was riding, in a grossly negligent and grossly careless manner, the burden of proof is upon the Plaintiff and she must prove that the Defendant operated the said automobile in said manner by a preponderance of the evidence before she can recover upon this particular issue. Gross negligence is a want or lack of slight care or failure to exercise slight diligence, although it does not necessarily contemplate a total lack of any care whatsoever; being used rather as equivalent to great,

or aggravated negligence, to characterize carelessness substantially greater than in the case of ordinary negligence. Gross negligence differs from wilful misconduct and does not necessarily involve any element of wilfulness or wantonness."

I think this was and is a correct charge.

This action was brought under the guest statute, c. 18033 of the Acts of 1937. The title of that Act reads as follows.:

"AN ACT Relating to the Liability of an Owner or Operator of a Motor Vehicle to a Guest or Passenger Transported Without Payment Therefor."

Some question has been raised in this case as to the constitutionality of this Act based on the theory that a certain proviso therein renders the whole Act unconstitutional, said proviso reading as follows:

". . . provided that the question or issue of negligence, gross negligence, and wilful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury."

The contention is that this proviso is an unwarranted and unconstitutional invasion of the judicial power, and renders the whole Act unconstitutional. Passing by the question of whether or not this proviso is within the subject contained in the title of the act, we might observe that if it was the intention of this proviso to deprive the courts of their power to pass upon the legal sufficiency of the evidence, either upon a motion for directed verdict or upon motion for new trial, it would be unconstitutional, but if it means that where there is enough evidence to submit the case to the jury on the issues mentioned in the proviso, the question of fact presented would be a question for the

jury to determine, then the proviso adds nothing to the power of the jury which it does not already possess and it might be treated as mere surplusage. The writer's personal opinion is that this proviso is beyond the scope of the title of the Act and that on that ground alone it is unconstitutional and should be ignored or treated as deleted from the Act, and that this could be done without in anywise affecting the validity of the Act as a whole, the remaining portions of the Act being germane to the title and constituting a complete and workable Act.

It is extremely doubtful that plaintiff-in-error would be benefitted if we should hold that the whole Act was void, because, in that event, we would return to the law as it existed before the Act was passed, in which case the plaintiff could recover upon simple negligence alone; whereas, under c. 18033 she could only recover by alleging and showing that the accident was "caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle." However, in this case her declaration charged only "gross negligence" and, as I see it, she was entitled to recover if she proved that charge, and I think she did.

The main question in this case is whether or not the trial court was in error in instructing the jury to the effect that gross negligence differs from wilful misconduct and does not necessarily involve any element of wilfulness or wantonness.

I am of the opinion that the evidence in this case was sufficient to sustain the verdict on the declaration as drawn, which charged that the injury was caused by the "grossly negligent and grossly careless manner" in which the defendant was driving his car at the

time of the collision. I think that the specific facts alleged in the declaration to sustain this charge of gross negligence and gross carelessness are sufficient to make out a prima facie case on that point and render the declaration immune to demurrer on that point.

It thus appears that if the term "gross negligence" and the term "wilful and wanton misconduct" are synonymous, not only was the court's charge erroneous, but considering the testimony as a whole, I do not think the verdict could stand, because I seriously doubt if one evidence was sufficient to show wilful and wanton misconduct. However, I do think that it is sufficient to sustain the charge of "gross negligence" on the part of the defendant, as that term as been defined in Winthrop v. Carinhas, and Jackson v. Edwards, hereinafter discussed. This brings up for consideration a conflict in our decisions which we now have an opportunity to clear up.

In the case of O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817, this Court held that the words "gross negligence" and "wilful and wanton misconduct," as employed in the statute, are synonymous.

In the case of Winthrop v. Carinhas, 142 Fla. 558, 195 So. 399, it was held, as shown by the second and third headnotes, as follows:

"As used in automobile guest statute in connection with the words "or wilful and wanton misconduct," the words "gross negligence" means a greater degree of negligence than ordinary "negligence," or than the mere lack of ordinary care under the circumstances, judged by the usual standards of reasonably prudent conduct, and the words "wilful and wanton misconduct" mean at least as great a degree of want of due

care as "gross negligence," and may also imply a concurring mental process.

"Under automobile guest statute, nonpaying guest may recover for injuries against owner or operator of automobile only if injuries were proximately caused by owner or operator's gross negligence or wilful and wanton misconduct, but if gross negligence is shown to have been the proximate cause of the injury, wilful and wanton misconduct need not also be shown."

Our next decision was the case of Jackson v. Edwards, 144 Fla. 187, 197 So. 833. In that case the two prior cases above mentioned were discussed and the question considered and dealt with at some length of the opinion, which was written by this writer and concurred in by Mr. Chief Justice TERRELL and Mr. Justice WHITFIELD and Mr. Justice CHAPMAN; Mr. Justice BUFORD and Mr. Justice THOMAS dissenting. In that case the Court held that the words "gross negligence" and the words "wilful and wanton misconduct," as used in the statute, were *not* synonymous, and proceeded to define the meaning of "gross negligence" and also the meaning of the term "wilful and wanton misconduct." Attention was called to the fact that the statute uses the words, "gross negligence or wilful and wanton misconduct," and that the word "or", as used in the statute, was used in the disjunctive rather than in the conjunctive sense.

About the same time a case was being considered by Division A, entitled Koger v. Hollahan and reported in 144 Fla. 779, 198 So. 685, 131 A.L.R. 186. Mr. Justice CHAPMAN and the writer did not not participate in that case, the opinion in which was handed down just a few weeks after the opinion in the case of Jackson v. Edwards, *supra.* In the opinion in the

case of Koger v. Hollahan, the decision in Jackson v. Edwards, *supra,* is not cited and had evidently not been brought to the attention of the writer of that opinion at the time it was written. However, in Koger v. Hollahan the case of O'Reilly v. Sattler was cited, and the opinion stated that

"The expressions 'gross negligence' and 'wilful and wanton misconduct' as used in this particular statute have been held by the Court to be synonymous, O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817, so the points involved in the present controversy are not complicated by any distinction between these terms in the law."

The writer of this opinion gave careful consideration to this question in writing the opinion in the case of Jackson v. Edwards, *supra,* and I am naturally of the opinion that the holding in that case, which was founded on our previous decisions as I understood them, should be followed in this case and that if it is followed, the judgment of the court below should be affirmed. As shown by the very carefully prepared brief of plaintiff-in-error, the vast weight of authority on this question upholds the position taken by this Court in Jackson v. Edwards, *supra,* to the effect that the terms above referred to are not synonymous, and on the strength of the decision of this Court in Jackson v. Edwards, and the weight of authority in this country upon it, I think the Court should adopt the holding in said case of Jackson v. Edwards and overrule the cases of O'Reilly v. Sattler and Koger v. Hollahan insofar as they conflict with the holding in Jackson v. Edwards. If, however, a majority of the Court decides to follow the holding in O'Reilly v. Sattler and Koger v. Hollahan, it seems to me that

this would require the judgment of the Court below to be reversed.

I think that the case of Jackson v. Edwards, *supra*, should be adhered to, and that this judgment, now before us, should accordingly be affirmed.

ADAMS, J., concurs.

## ON PETITION FOR REHEARING

THOMAS, J.—The original opinion prepared by Mr. Justice TERRELL, affirming the judgment of the lower court, was concurred in by Messrs. Justices WHITFIELD, BUFORD and CHAPMAN. Mr. Chief Justice BROWN and Mr. Justice ADAMS dissented from the opinion but concurred in the judgment and the writer agreed only to the judgment. A petition for rehearing was filed and the court granted it so that the matter might be reconsidered to the end that it might be definitely decided whether the terms gross negligence and wilful and wanton misconduct were synonymous.

It seems impossible to harmonize four decisions of this court on the subject. In O'Reilly v. Sattler, 141 Fla. 770, 193 So. 817, and Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886, this synonymity was recognized, while a distinction was made between the terms in the opinions of the Court in Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399, and Jackson v. Edwards, 144 Fla. 187, 197 So. 833.

It is the opinion of Messrs. Justices TERRELL, BUFORD, CHAPMAN and the writer that the terms are synonymous and a contrary view is held by Mr. Chief Justice BROWN and Messrs. Justices WHITFIELD and ADAMS.

All of the members of the Court are of the opinion that the evidence in this particular case is sufficient to support the judgment except Messrs. Justices BUFORD and ADAMS.

It is, therefore, the order of the court that the judgment of the lower court be affirmed.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and ADAMS, J. J. concur.