**EVELYN McMILLAN, joined by her husband, ROY McMIL-LAN, v. VICTOR D. NELSON.**

5 So. (2nd) 867                                                En Banc
January 16, 1942          Rehearing Denied February 19, 1942

Donald Walker and George Palmer Garrett, for appellants.

E. W. & R. C. Davis, for appellee.

BUFORD.:

Writ of error brings for review an order granting a new trial in a suit where the trial resulted in a verdict in favor of the plaintiff for damages alleged to have been sustained while plaintiff was riding as a guest in the automobile of the defendant and in which it was alleged that the injury was caused by the gross negligence of the defendant in the operation of the automobile, in the following language:

"On to-wit, March 16, 1940, in, to-wit, Orange County, Florida, at an intersection of a street called Grand Avenue and a busy arterial highway called the Orange Blossom Trail, the said Victor D. Nelson drove his automobile into said busy arterial highway without stopping when commanded to do so by an appropriate stop sign and failed to look for on-coming traffic along said highway and proceeded to drive his automobile across said highway and thereby caused

his automobile to collide with another car, and thereby plaintiff, who was then and there riding in defendant's said automobile as a guest, was injured as hereinafter set forth. Said accident was thus caused by the gross negligence of said defendant, which said gross negligence was the proximate cause of said injury."

The allegations of the declaration are found sufficient to state a cause of action. On review of orders granting new trial, the rule is well settled in this jurisdiction that where the trial judge states that he does not think the verdict is sustained by a preponderance of the evidence, and grants the motion, and no such preponderance of the evidence appears as would show an abuse of the judge's discretion, his ruling will not be held reversible error. Hobbs v. Cheyney, 62 Fla. 214, 56 Sou. 554; Acosta v. Gingles, 65 Fla. 507, 62 Sou. 582; Bishop v. Taylor, 41 Fla. 77, 25 Sou. 287; Aberson v. A.C.L. R. Co., 68 Fla. 196, 67 Sou. 44; Dominguez v. Citizens Bank, etc., Co., 62 Fla. 148, 56 Sou. 682; Ruff v. Georgia, Southern etc. R. Co., 67 Fla. 224, 64 Sou. 782.

In the instant case the order granting the new trial states inter alia:

"It is considered by the Court that the defendant's motion for a new trial be and the same is hereby granted on the following grounds of defendant's motion for new trial:

"1. Verdict is contrary to the law.

"3. Verdict is contrary to the evidence.

"8. Because there is a total lack of testimony showing or tending to show gross negligence."

So here the circuit judge not only appears to have thought the verdict was not sustained by a preponder-

ance of the evidence, but it was his view that there was a total lack of evidence showing, or tending to show, gross negligence.

After a careful consideration of the record, we cannot say that the preponderance of the evidence appears to sustain the allegation of gross negligence and, therefore, the record does not show an abuse of the trial judge's discretion. There was evidence, however, though not a preponderance thereof, which tended to show that the defendant was guilty at the time and place of the accident of gross negligence and that that gross negligence was the proximate cause of the injury. This does not meet the rule above stated so as to require this Court to reverse the judgment of the circuit court.

There appears much in the record concerning the authenticity of a certain traffic sign bearing the word "Stop" which stood on the right side of the highway on which defendant was driving just outside the intersection of that highway with an arterial highway in which intersection the accident and injury occurred. The defendant insisted that it was incumbent upon plaintiff to prove that such sign was erected by authority of the State Road Department. We do not think there is any merit in this contention. The sign, a definite warning of danger, was there. It was at a place where a dangerous condition existed, which dangerous condition, viz: the intersection of a much traveled arterial highway, was known to the defendant. It was the same character and sort of sign as those used all over the State by the State Road Department to warn of such condition and danger. If the defendant disregarded it, he did so at his peril. The sign is shown to have been so located as to give

warning of danger at an intersection of which the State Road Department had jurisdiction and, therefore, in the absence of a contrary showing, it will be presumed that the sign was placed by lawful authority and that travelers were thereby warned that an unusual hazard lay immediately ahead and that due caution should be exercised by coming to a *stop* before entering the intersection.

If the plaintiff was entitled to recover at all, the recovery was required to be had under the provisions of Sec. 1296A C.G.L. Perm. Supp. 1940, being Ch. 18033, Acts of 1937, known as the Guest Statute. The plaintiff-in-error here contends that she is not limited to recovery under the provisions of that statute, because the same, she avers, conflicts with Sec. 4 of the Declaration of Rights of the Constitution of the State of Florida.

In the case of Cormier v. Williams, in the last opinion therein, filed at this term of the Court, we definitely held that the terms used in the statute, viz: "gross negligence" and willful and wanton misconduct" are synonymous as used in the statute. The rationale of that holding is that the words "gross negligence" as used in the statute mean more than mere negligence and, to constitute "gross negligence" as contemplated by the statute, the act complained of must be of such character that the operator of the automobile would know, or should know, that by doing the act in the manner and at the time alleged he placed others in danger of injury.

The question presented here is whether or not the act in question establishes an unreasonable, arbitrary and unlawful classification of persons having immunity under the statute and of persons deprived of

remedy, in distinguishing between gratuitous and paying passengers in the same situation.

It is generally conceded that a classification having some reasonable basis does not offend against the Constitutional provisions supra merely because it is not made with mathematical nicety or because in practice it may result in some inequality, and also that one who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis but is essentially arbitrary. Lindsley v. Natural Carbonic Gas. Co., 220 U. S. 61, 31 Sup. Ct. 337, 55 L. Ed. 369; American Ann. Cases 1912-C 160.

So, we may ask, is there reasonable basis for a classification which requires one to exercise a higher degree of care toward a passenger whom he is paid a price to transport than he is required to exercise toward a passenger who is under no obligation to pay anything for the transportation? The gratuitous passengers in automobiles are usually the friends or relatives of the owner or driver of the automobile. However, they are quite often mere acquaintances and, as often, probably unknown persons now commonly called "hitch-hikers" who deliberately solicit free rides and to whom the owner or driver of the automobile should be under no obligation except that not to do those things which he knows, or should know, may reasonably be expected to result in injury to the guest.

Our conclusion is that the classification established by the statute is neither unreasonable nor arbitrary and that it does not offend against the Constitutional provisions, supra.

A like question was presented in the case of Silver v. Silver, 108 Conn. 371, 43 Atl. 240, 65 A.L.R. 943. That court held the guest statute to be constitutional and, on review, the Supreme Court of the United States affirmed the ruling. See 280 U. S. 117, 74 L. Ed. 67, 50 Sup. Ct. Rep. 57.

The Michigan guest statute,. which is similar to ours, was unheld in the case of Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581.

In both the Connecticut and Michigan cases, supra, many citations appear which support the conclusion reached in those cases.

No reversible error having been made to appear, the judgment should be, and is, affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN and ADAMS, JJ., concur.

THOMAS, J., agrees to conclusion.

BROWN, C. J., concurring:

As I understand it, "wanton" negligence is the conscious and intentional doing of an act, or a conscious failure to act, which act or omission will likely or probably result in injury. This is substantially the definition of "gross negligence" as given in the above opinion. As this Court has recently held that, as used in this statute, these terms are synonymous, I concur in this opinion. See Cormier v. Williams, 148 Fla. 201, 4 So. 2nd, 525. While I have not changed my personal opinion, as stated in Jackson v. Edwards, 144 Fla. 187, 197 So. 833, as to the meaning of the terms used in the "guest statute," and that those terms are not synonymous, I must yield my individual opinion to that of the majority of the Court as expressed in Cormier v. Williams, supra, there being, as I see it,

no constitutional question presented. See in this connection Winthrop v. Carinhas, 142 Fla. 588, 195 So. 399 and Jackson v. Edwards, 144 Fla. 187, 197 So. 833.

WHITFIELD, J., concurs.