55 So.2d 548 (1951)
DEXTER
v.
GREEN.
Supreme Court of Florida, Special Division A.
December 4, 1951.
W.F. Anderson, and S.E. Wasson, Bronson, for appellant.
Gray, Waldo & Chandler, Gainesville, for appellee.
ROBERTS, Justice.
The plaintiff filed suit in the court below to recover damages for injuries sustained by her when the automobile in which she was riding as a guest passenger overturned. The lower court sustained defendant's demurrer to plaintiff's second amended declaration and entered final judgment for defendant after plaintiff declined to amend further. Plaintiff has appealed from such final judgment.
The only issue here is whether plaintiff's declaration sufficiently stated a cause of action for "gross negligence or willful and wanton misconduct" on the part of the driver of the automobile, within the meaning of Section 320.59, Florida Statutes, F.S.A.
The plaintiff alleged, in substance, that the car in which she was riding was proceeding at the rate of 60 or 65 miles per hour, when it approached a transport truck or van proceeding in the same direction at a rate of about 45 miles per hour; that the plaintiff cautioned the driver and requested her not to drive so fast and not to try to pass the van; but that, despite such warning and request, the driver proceeded to overtake and pass such van; that, in so doing, the driver so operated the car as to cause it to go off the paved road to the left of the van; the driver then pulled the car back on the road in front of the van and then over on to the shoulder of the road on the right, following that, the driver swerved back to the left, again in front of the van and, for the second time, went off *549 the paved road onto the shoulder on the left; she then turned the car once more towards the right and started back across towards the other side of the road, but in so proceeding the car turned over several times and finally came to rest, heading in the opposite direction from that in which it had originally been proceeding. The plaintiff was thrown from the car as it turned over and suffered serious injuries.
The question of what constitutes "gross negligence or willful and wanton misconduct of the owner or operator" of a motor vehicle has been many times before this court; and this court is committed to the rule that "gross negligence" and "willful and wanton misconduct" are synonymous. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525. Thus, the act complained of must be of such character that the operator of the automobile would know, or should know, that, by doing the act in the manner and at the time alleged, he placed others in danger of injury. McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867. However, all the circumstances of each particular case  every act or omission entering into the particular happening  must be considered in determining whether liability exists. See Hollander v. Davis, 5 Cir., 120 F.2d 131.
We think that the plaintiff has stated sufficient facts to show a prima facie case of "gross negligence or willful and wanton misconduct" on the part of the driver. While each separate action might not, by itself, establish liability, the entire course of conduct of the driver, as briefly stated above, was such that she knew, or should have known, that she placed others in danger of injury.
Thus, in Cormier v. Williams, supra [148 Fla. 201, 4 So.2d 526], wherein the plaintiff had alleged merely that she was injured as a result of the gross negligence of the defendant by reason of the fact that his car zigzagged on the road immediately before the collision took place in which she was hurt, this court said, "The theory of the plaintiff in error is that the declaration should state with greater particularity what the gross negligence complained of consisted in. We are not unmindful of the rule contended for but the declaration has been examined and we think it is sufficient. If the evidence shows that the plaintiff was injured in an accident resulting from defendant's car zigzagging across the road because of being operated in a grossly negligent manner, that is all the statute requires. Gross negligence or any degree of negligence may be determined by the consequences of one's conduct as well as the conduct itself."
It should also be noted that our "guest statute," Section 320.59, Florida Statutes, F.S.A., provides that "the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; * * *." See Thompson v. Bennett, Fla., 42 So.2d 583.
For the reasons stated, the judgment is reversed and the cause remanded for further proceedings consistent herewith.
TERRELL, Acting Chief Justice, MATHEWS, J., and DICKINSON, Associate Justice, concur.