60 So.2d 919 (1952)
DE WALD
v.
QUARNSTROM.
Supreme Court of Florida, en Banc.
July 15, 1952.
Rehearing Denied August 2, 1952.
Nichols, Gaither & Green and Evans, Mershon, Sawyer, Johnston & Simmons, *920 and William O. Mehrtens, Miami, for appellant.
Knight, Smith & Underwood, Miami, and Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
PER CURIAM.
Affirmed.
SEBRING, C.J., and THOMAS, HOBSON and ROBERTS, JJ., concur.
TERRELL, CHAPMAN and MATHEWS, JJ., concurring specially.
CHAPMAN, Justice (concurring specially).
This appeal involves the legal sufficiency of an amended declaration. The suit was brought under Section 320.59, F.S.A., by a guest passenger, George E. DeWald, against the host, Bert L. Quarnstrom, operator or driver of the automobile. It was alleged that the motor vehicle was operated in a southeasterly direction on State Highway #25 at about 8:00 o'clock P.M., during the nighttime, when a motor vehicle of Leonard Bros. Transfer & Storage Co., Inc., was negligently stopped or parked upon the traveled portion of the aforesaid highway so as to obstruct the same and with which the automobile in which the plaintiff was riding as a guest passenger collided, thereby causing permanent injuries. The issues presented here are only the legal rights of the guest passenger-plaintiff-appellant and the host driver-defendant-appellee.
Pertinent are the following portions of the amended declaration, as amended:
"2. The defendant corporation then and there negligently and carelessly stopped, parked, or left said motor truck unattended or temporarily abandoned on the paved and main travelled part of said highway, without pulling it over on the wide, level, unpaved portion of said highway, adjoining on the right of said vehicle, or without taking other reasonable precautions to prevent injury to the travelling public, so that all of the wheels of said truck were upon the paved highway with its left wheels, to-wit, approximately one and one-half feet from the center of the said highway so that said truck occupied said righthand lane, effectively obstructing the said highway, and said lane against the freepassage of the travelling public and of the automobile in which the plaintiff was then and there riding; and while the defendant's truck was so stopped, parked, or unattended as aforesaid, the defendant corporation negligently and carelessly failed to have lighted lights on its said truck, or warning lights placed on the ground or elsewhere, as it was required to do by the Florida Statutes, or negligently failed to have adequate warning lights, or adequate flares placed adequately to the rear of said truck, to give reasonable and sufficient warning of its presence to the travelling public approaching the said truck at night from the rear thereof;
"3. That at the said time and place the defendant Bert L. Quarnstrom who was operating the automobile in which the plaintiff was riding as a guest passenger, was guilty of gross negligence, and operated his said motor vehicle in a grossly careless and negligent manner and that among the acts of negligence or negligent omission constituting the gross negligent operation of said motor vehicle, plaintiff avers the following:
"(1) That said defendant operated the said motor vehicle at nighttime at a speed greater than fifty miles per hour contrary to the statutes then prevailing;
"(2) That the defendant operated said motor vehicle at a speed greater than was reasonable and proper under the circumstances of traffic and dangers then and there confronting the traveling public as aforesaid;
"(3) That said defendant so negligently maintained, managed, operated and controlled his motor vehicle that he skidded the same approximately 200 feet before coming into collision with said truck;

*921 "(4) That said defendant did maintain, operate, and control his car under such circumstances so as not to have the same under reasonable control as to be able to stop the same within the range of his vision at said time and place;
"(5) That the brakes upon said defendant's automobile were not adequate or were defective and insecure; said condition was known by the defendant or, by exercise of reasonable care, should have been known by him;
"(6) That the tires upon said defendant's motor vehicle were worn and defective; said condition was known to the defendant or, by the exercise of reasonable care, should have been known by him;
"(7) That the said defendant was asleep, or was so sleepy as to be unable to remain alert and attentive in the reasonable operation and control of said vehicle;
"(8) That the said defendant was negligent in meeting oncoming traffic with bright lights at such high speed when reasonable care would require a speed of not in excess of 40 miles per hour under the circumstances at said time and place;
"(9) That said defendant was guilty of negligence in not slowing down when his vision was obscured by the bright lights of oncoming traffic so that he was unable to reasonably control the said motor vehicle and to clearly see the objects obstructing the immediate path of the operation of said motor vehicle;
"(10) The said defendant was negligent in operating his motor vehicle with the depressed or down beam on when he should have been operating it with the brighter or upper beam so as to reveal the presence of the said obstruction to the highway;
"(11) In operating the said motor vehicle in a grossly careless and negligent manner in each and every respect last aforesaid; all of which negligence proximately concurred at the same time and place with the negligence of the motor truck of the defendant corporation, so as to proximately produce and bring about a violent collision of the said vehicles."
The defendant-appellee filed a demurrer to the amended declaration and as grounds stated: First, the amended declaration fails to state a cause of action against the defendant; second, the facts alleged are insufficient to charge this defendant-appellee with liability for gross negligence. It was the trial Court's view and conclusion that the separately alleged acts of negligence as charged in the amended declaration, supra, set forth in paragraphs 1 to 11, inclusive, were legally insufficient to constitute gross negligence as defined by the adjudications of this Court. The plaintiff, electing to stand on the sufficiency of the amended declaration, declined to plead further. A final judgment was entered for the defendant and plaintiff appealed.
It may be helpful to distinguish between simple or ordinary negligence and gross negligence as recited in Section 320.59, F.S.A., and as defined by our adjudications. Simple negligence may be defined as the failure to observe for the protection of another's interest such care and vigilance as the circumstances justly demand and the want of which caused the injury. Smith Electric Co. v. Hinkley, 98 Fla. 132, 123 So. 564. Negligence is the failure to observe, for the protection of another's interest, such care, precaution and vigilance as the circumstances justly demand or the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances or the doing of what such person would have done under the circumstances. Russ v. State, 140 Fla. 217, 191 So. 296. Ordinary negligence is the failure to exercise that degree of care and precaution and vigilance which an ordinary prudent man would exercise, whereby and as a consequence whereof the person or property of another is injured.
65 C.J.S., Negligence, § 8, pages 371-372, defines gross negligence viz.:
"`Gross negligence' has been defined as the want or absence of, or failure *922 to exercise, slight care or diligence; the entire absence of care; failure to exercise reasonable care or the care required under the circumstances of a person of ordinary prudence; the want of that ordinary diligence and care which a usually prudent man takes of his own property of like description; the want of that care and diligence which even careless, thoughtless, or inattentive persons are accustomed to exercise; the failure to take such care as a person of common sense and reasonable skill in like business but of careless habits would observe in avoiding injury to his own person or life under circumstances of equal or similar danger. It is very great negligence; negligence materially greater than ordinary negligence, the difference being one of degree, although sometimes it is said to be a difference of kind; negligence of an aggravated character; and gross failure to exercise proper care."
Our recent case of Dexter v. Green, 55 So.2d 548, 549, was an action brought under Section 320.59, F.S.A. The issue presented was whether the allegations of the declaration sufficiently stated a cause of action under the above-cited statute. The following language employed in Dexter v. Green is pertinent and has a bearing on the case at bar:
"The question of what constitutes `gross negligence or willful and wanton misconduct of the owner or operator' of a motor vehicle has been many times before this court; and this court is committed to the rule that `gross negligence' and `willful and wanton misconduct' are synonymous. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525. Thus, the act complained of must be of such character that the operator of the automobile would know, or should know, that, by doing the act in the manner and at the time alleged, he placed others in danger of injury. McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867. However, all the circumstances of each particular case  every act or omission entering into the particular happening  must be considered in determining whether liability exists. See Hollander v. Davis, 5 Cir., 120 F.2d 131."
From the language above employed, we must conclude that the terms gross negligence and willful and wanton misconduct appearing in Section 320.59 are synonymous.
Counsel for appellant, in their brief and in oral argument heard at the bar of this Court, suggest that conflicts, confusion and doubt now exist in our decisions as to the exact meaning of "gross negligence" or "willful and wanton misconduct" as set out in Section 320.59, supra. It is quite true that members of the Court, in the early period of the construction of this statute, held apparent conflicting views as to the exact meaning of the language employed, as will be reflected in the dissenting opinions of the Judges appearing in our early cases, but our holdings in Cormier v. Williams, 148 Fla. 201, 4 So.2d 525, and in Dexter v. Green, supra, have put these questions at rest.
We fail to find error in the record.
Affirmed.
TERRELL and MATHEWS, JJ., concur.