85 So.2d 870 (1956)
Robert G. FAIRCLOTH, as Administrator of the Estate of Carswell B. Faircloth, deceased, Appellant,
v.
Walter E. HILL and Willey E. Allen, Appellees.
Supreme Court of Florida. Special Division A.
March 7, 1956.
Butt & Abridge, Cocoa, for appellant.
J. Thomas Gurney, Orlando, for Walter E. Hill.
David L. Shannon, New Smyrna Beach, for Willey E. Allen.
THORNAL, Justice.
Appellant Faircloth, who was plaintiff below, seeks reversal of a final judgment entered pursuant to an order sustaining appellee Hill's motion to dismiss the amended complaint as to the said Hill.
The crux of the lawsuit is set forth in the complaint as follows:
"On or about January 1, 1953, at 3:00 A.M. and prior to the time of the collision herein alleged, Carswell B. Faircloth was riding as a guest passenger in the automobile of Walter E. Hill which was being driven in a northerly direction on U.S. Highway Number 1, also known as Florida State Highway No. 5; that when the said Walter E. Hill was a distance of more than eighteen hundred (1800) feet to the south of the place where the aforesaid truck and trailer was parked as aforesaid, the aforesaid lights on the rear of said truck and trailer were plainly visible to the said Walter E. Hill and the said Walter E. Hill, in the exercise of slight care, knew or should have known, that the said truck and trailer of Willey E. Allen was parked on the highway as aforesaid in sufficient time to avoid collision, but that nevertheless thereafter for a distance of seventeen hundred and eighty (1780) feet the said Walter E. Hill drove his said automobile at seventy (70) miles per hour in wanton disregard of the safety of others on the highway including Carswell B. Faircloth, and without the slightest necessity or justification for so doing, the said Walter E. Hill, *871 proceeded at said high and dangerous rate of speed in a straight line directly toward the large lighted rear end of the said truck and trailer of Willey E. Allen, parked and lighted as aforesaid without veering to the left, without applying his brakes in time to avoid collision, or without slackening of his speed in time to avoid collision, any one of which acts the said Walter E. Hill could have done and would have done, but for his wanton disregard for the safety of others as aforesaid, including Carswell B. Faircloth, and the said Walter E. Hill applied brakes on his automobile while he was still traveling at seventy (70) miles per hour, when he was twenty (20) feet from the rear of the aforesaid truck and trailer, although the lights on his automobile were shining brightly from six hundred (600) to nine hundred (900) feet down the highway in front of his said automobile and the lights were lighted on the rear end of said truck and trailer as aforesaid for half a minute before the crash, and as a result of the grossly careless and negligent operation of said automobile by Walter E. Hill as aforesaid, the front portion of said automobile collided squarely with the rear portion of said truck and trailer, and the said Chevrolet automobile was driven into the rear of said truck and trailer with such great speed and force that it was jammed six feet under the said trailer up against the rear axles of said trailer and it was necessary for the wrecker which removed said Chevrolet automobile to jerk hard five or six times before said Chevrolet automobile could be moved from under said trailer."
In addition it was alleged that for at least a half-minute before the collision the following lights were burning on the rear end of the Allen trailer: (a) a light 2 1/2 inches in diameter located in each of the upper rear corners, (b) a side marker light 2 1/2 inches in diameter located near the rear of the trailer on each side, (c) a 3 1/2 inch tail light located near the center of the rear of the trailer, (d) a red reflector 3 1/2 inches in diameter located in each of the lower corners of the rear of the trailer, (e) the left turn blinker light 4 1/2 inches in diameter had been flashing, (f) hearing the approaching car of Hill, the driver of the truck was pumping his brake pedal for fifteen seconds before the collision causing the two red stop-lights 6 1/4 inches in diameter on the rear portion of the trailer to flash.
The collision occurred when the automobile operated by Hill was driven into the rear of the truck and trailer with such speed and force that it was jammed six feet under the trailer against the rear axle thereof. Appellee Hill moved to dismiss the complaint for failure to state a cause of action as to him. The trial judge sustained the motion and upon appellant's decision to rely upon his amended complaint without further amendment, a judgment was entered accordingly for the defendant-appellee Hill. Appeal is from that judgment.
The appeal presents the single question as to whether the amended complaint as tested by the provisions of Section 320.59, Florida Statutes, F.S.A., alleges gross negligence on the part of Hill sufficiently to create a cause of action in favor of appellant whose decedent was a non-paying guest in the automobile of Hill. The pertinent part of the cited statute is as follows:
"No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; * * *."
To support the judgment, appellee Hill relies strongly on our decisions in O'Reilly *872 v. Sattler, 141 Fla. 770, 193 So. 817; and Orme v. Burr, 157 Fla. 378, 25 So.2d 870. Orme v. Burr, supra, was decided by this court on an appeal from a judgment for the defendant after a jury verdict in his favor. We held that on the evidence presented, the jury's verdict for the defendant automobile owner was justified. The case now before us tenders the question of whether gross negligence is pleaded sufficiently to enable the plaintiff to proceed to proof. O'Reilly v. Sattler, supra, presented for consideration the decision of a trial judge to direct a verdict for a defendant automobile owner after all of the plaintiff's evidence had been offered. The court commented that there was no proof to show any conclusive clue or presumption as to just how the collision took place. The record clearly lacked the detail of all of the related facts which are present in the case before us.
We have held that excessive speed alone without other factual evidence of negligence is insufficient to sustain a complaint for gross negligence under the statute cited. See: Ayers v. Morgan, Fla. 1949, 42 So.2d 2; Leslie v. West, Fla. 1949, 38 So.2d 821. As a matter of fact it is exceedingly difficult, if not well-nigh impossible, to delineate the requirements of gross negligence with a decree of exactness that could lead us to a logical certainty. Although ordinarily "negligence" and "willfulness" are mutually exclusive terms (38 Am.Jur. Sec. 338, p. 692), we have held that the term "gross negligence" as used in this particular statute is in substantial measure synonymous with the term "willful and wanton misconduct" as used in the same statute as an alternative to gross negligence. The term is very well defined by the opinion of Mr. Chief Justice Drew in Bridges v. Speer, Fla. 1955, 79 So.2d 679. In fairness to the trial judge, however, it should be noted that this opinion had not been handed down at the time of the trial of this case.
Although degrees of negligence appear to have been introduced into the common law from the civil law of the Middle Ages, modern authorities are leaning to the view that absent statutory requirements any effort to divide negligence into degrees is highly impracticable, primarily because of the difficulty in defining the line of demarcation between the several degrees. Our statute, however, requires the presence of gross negligence and such must be alleged and proved in order to sustain a cause of action in a case like the one before us.
It might be helpful to realize that the term "degrees of negligence" is actually a negative expression, the positive counterpart of which is "degrees of care". By examining the presence or absence of various degrees of care, we oftentimes can come to a clearer understanding of the several degrees of negligence. For example, "slight negligence" involves a failure to exercise great care. "Ordinary negligence" is the failure to exercise ordinary care. By this same rule "gross negligence" is the absence of the exercise of "slight care". It is the omission or commission of an act with a conscious indifference to consequences so far as other persons are concerned. See 38 Am.Jur., Negligence, Sections 43, 45, 46 and 47; also Nelson v. McMillan, 151 Fla. 847, 10 So.2d 565.
We have held that all of the circumstances of each case entering into the particular happening must be considered in order to determine whether liability exists. See Dexter v. Green, Fla. 1951, 55 So.2d 548. In the same case we held that while each separate act involved in the drama might not in and of itself establish gross negligence, nevertheless, the entire course of conduct of the automobile driver under all of the circumstances and in the light of all of the related factors taken collectively might well establish the existence of gross negligence by pointing to the conclusion that the driver of the car knew or should have known that his conduct placed others in danger of grave injury and that under all of the circumstances he could be found guilty of a conscious indifference for the safety of others.
It appears to us that under the allegations contained in the amended complaint *873 it was error to sustain the motion to dismiss. We cannot, of course, vouchsafe appellant's ability to prove these allegations. However, we do feel that they were sufficient to require an answer and the submission of proofs. This is not a case where the driver of the automobile suddenly came upon an unlighted object in the dark and as the result of speed alone was unable to stop the vehicle in time to avoid the collision. See De Wald v. Quarnstrom, Fla. 1952, 60 So.2d 919. Under the allegations of this complaint the automobile of the defendant Hill was being driven at a speed of 70 miles per hour on a clear night, with unimpeded visibility, on a road that was straight for a distance of 1800 feet. The truck into which he collided was lighted with almost every type of warning light imaginable. It is alleged that the red lights were visible this entire distance. While it is true that flares had not been placed on the road, we do not consider that the absence of flares materially affects the obvious lack of care on the part of the automobile driver alleged in the complaint in this instance. Also, we are not passing upon the question of the negligence of the truck driver. Appellee contends that the collision could have resulted from some momentary lapse or error in judgment on the part of the driver of the automobile. While these might be defensive matters that could be submitted to a jury in defense of the claim of gross negligence, we cannot infer them from the allegations of the complaint. So far as the complaint reveals, this tragic collision could have been avoided by the exercise of "slight care" on the part of the driver of the automobile and it appearing from the allegations that he failed to exercise the slightest degree of care commensurate with the circumstances, the complaint was at least sufficient to charge gross negligence within the limits of our prior decisions. See Shams v. Saportas, 152 Fla. 48, 10 So.2d 715; De Wald v. Quarnstrom, Fla. 1952, 60 So.2d 919; Brown v. Roach, Fla. 1954, 67 So.2d 201; Weiss v. Kamen, Fla. 1953, 67 So.2d 761; Schneider v. Saxon, Fla. 1955, 82 So.2d 501; Dexter v. Green, Fla. 1951, 55 So.2d 548.
Upon careful consideration of the record and briefs we find that the able trial judge committed error in sustaining the motion to dismiss.
The judgment is therefore reversed for further proceedings in accordance with this opinion.
DREW, C.J., HOBSON, J., and MILLEDGE, Associate Justice, concur.