DREW, Chief Justice.
This is an appeal from a final judgment dismissing a Second amended complaint without leave to amend. The pertinent allegations of the bill of complaint with reference to negligence are as follows:
“1. That on or about October 10, 1950, at approximately 5 p. m. the Defendant Herculano Pinero, Jr. was the owner and operator of a certain Cadillac motor vehicle which he was then and there operating in a Northerly direction on a certain public highway in Levy County, Florida designated as U. S. Highway No. 19 or State Road No. 55 in the Town of Otter Creek, Florida, and that attached to the rear of and being pulled by said motor vehicle was a four-wheel house trailer.
“2. At said time and place the Plaintiff Angeles de La Concha was an invited guest passenger in the motor vehicle of the Defendant and was riding on the right side of the front seat thereof.
“3. That at said time and place the Defendant drove and operated his motor vehicle in a grossly negligent manner in this, to-wit: That upon entering the community of Otter Creek on the aforesaid highway, the Defendant was confronted with visable signs of habitation such as dwelling houses and business establishments, and there were clearly visoble signs erected by the State Road Department of the State of Florida upon the right of way of the aforesaid highway indicating that the Defendant was entering an inhabited community and that an intersecting highway known as State Road No. 24 crossed said highway. There were other buildings and structures north of the aforesaid intersection which the Defendant knew, or by the exercise of slight care should have known, indicated that pedestrians and motor vehicles would be entering, crossing, or turning off the highway upon which the Defendant was driving. Nevertheless, the Defendant drove his vehicle past the aforesaid signs, intersection, and buildings at a dangerous and excessive rate of speed, to-wit: in excess of 65 miles an hour knowing at the time that the house trailer which he was pulling made it more difficult for him to reduce his speed, or maneuver his vehicle, and despite the warnings and protestations of the Plaintiff that his speed was excessive under the circumstances and conditions then existing. The Defendant failed to reduce the speed of his vehicle despite the warning and protests of the Plaintiff, and despite the fact that he was rapidly overtaking a Chevrolet truck which was headed in a northerly direction about two tenths of a mile north of aforesaid intersection and whose driver was sig-nalling his intention to make a left turn off of said highway, which signal was seen by the Defendant, or could have been seen by the Defendant by the exercise of slight care within sufficient time to, and at a point sufficiently distant from said truck, for the Defendant to have brought his vehicle under control despite the excessive speed at which he was then traveling. And Defendant then 'and there recklessly, or willfully, or wantonly disregarded the signal being given by the driver of the aforesaid Chevrolet truck, and despite a request of the Plaintiff not to do so, attempted to overtake and pass said Chevrolet truck on the left or westerly *924 side of the highway, thereby failing to yield the right of way to the driver of said Chevrolet truck to which said driver was lawfully entitled. Upon seeing that the driver of the Chevrolet truck was beginning to turn to his left, the Defendant suddenly swerved his vehicle back to his right and towards the easterly side of the highway and collided with the left rear of the Chevrolet truck.”
Measured by the rule laid down in Bridges v. Spear, Fla.1955, 79 So.2d 679, and Faircloth v. Hill, Fla., 85 So.2d 870, the complaint stated a cause of action under the guest statute, F.S.A. § 320.59. The lower court was in error in dismissing it.
Reversed.
DREW, C. J., and TERRELL, HOB-SON, ROBERTS and THORNAL, JJ., concur.
THOMAS, J., and PRUNTY, Associate Justice, dissent.