THOMAS, Justice
(concurring in part and dissenting in part).
The posture of this case here is somewhat unusual due to the fact that the negligence charged to one appellee in the trial court was measured by one standard and the alleged negligence of the other appellee was measured by a different standard. This resulted from the status of the two ap-pellees who were injured in one automobile collision though one was a guest passenger in the car, hence could recover against the driver, Heilman, only by proving gross negligence while she was not /bound to prove more than ordinary negligence on the part of Oliver, operator of the other car.
To clarify the point a brief summary of the testimony describing the incident seems appropriate. The appellant, Hillock, was a passenger in the Heilman car which was travelling south on a four-lane arterial highway. Heilman undertook to enter a side road to his left and in doing so crossed the median strip and entered the northbound lane or lanes. Oliver was proceeding northward in that half of the highway and as Heilman- entered it, his car struck Heilman’s and Hillock was injured. She sued both Heilman and Oliver.
At every opportunity in the trial the attorney for appellant challenged the validity of the guest statute, Sec. 320.59, F.S.A., and the eventual ruling that it was constitutional cleared the way for a review of the decision and judgment in the trial court, that is, the decision and judgment in the Hillock-Heilman controversy, all of it, but how the Hillock-Oliver matter can be properly here puzzles this writer as much now as it did when a majority of this court voted to consolidate the cases. He was of the opinion then, and still entertains the view, that while the Hillock-Heilman case should be decided here the Hillock-Oliver dispute should be settled in the District Court of Appeal where it belongs. The problem is one of jurisdiction and it seems no less than amazing that the jurisdiction, the Constitution notwithstanding, could be vested in this court supposedly by convenience. Lapsing into jargon of the day, it would seem that the majority of the court approve the vesting of jurisdiction by a kind of “piggyback” procedure.
*547 So at this point, and so far as this member of the court is concerned, I think the immediate problem is the validity or invalidity of the statute and the effect of the ruling on the judgment in favor of Heilman and against Hillock. In the honest opinion of this writer the court is wholly without power to deal with the judgment in favor of Oliver and against Hillock.
Counsel for appellants argue with considerable eloquence that the challenged statute is unfair but that is an appeal which properly should be addressed to the legislative body. It strikes me that the startling increase in automobile casualties while a matter of concern and worry to us as to all Americans is a situation which cannot be remedied by judicial fiat. Even if we tried to provide a cure the striking down of the guest statute would accomplish little or nothing to that end.
The appellants lean quite heavily on our opinion in Georgia Southern and Florida Railway Company v. Seven-Up Bottling Co., Fla.App., 175 So.2d 39, as reason for now holding the guest statute invalid presumably because the passage of time has undermined its constitutionality. But even a cursory examination of the principles involved in that case does not convince one of the analogy. I detect no denominator common to the two situations. It does not follow because we said the increase in motor traffic and the resultant danger of the automobile rendered the distinction between the degree of care demanded of a common carrier-train and a common carrier-automobile baseless, the guest statute had become archaic. This reasoning is remarkably close to a nonsequitur.
As long ago as 1942 this court held the guest statute constitutional, McMillan v. Nelson, 149 Fla. 334, 5 So.2d 867, and I am not aware of any reason to depart from that ruling. So the judgment in favor of Heilman against Hillock should be affirmed in all respects.
I am convinced the judgment in one case should be affirmed and that the other cause should be transferred.
THORNAL, J., concurs.