ROBERTS, Acting Chief Justice.
This is a direct appeal to review a decision of the Circuit Court of Broward County, Florida, validating sewer bonds of the City of Hollywood in the amount of Eight Million ($8,000,000.00) Dollars.
Appellants contend that Chapter 67-396, Laws of Florida 1967, prevents the issuance of general obligation bonds that will be payable from taxes to be levied and collected without limitation as to rate or amount, and further that there were irregularities in connection with the Referendum Election which render the election void.
We have examined the record and find that the effective date of Chapter 67-396 was some fourteen months after a majority of the qualified freeholders had voted for the sewer bonds and that therefore Chapter 184, Florida Statutes 1965, F.S.A. which permits taxes to be levied and collected without limitation as to rate and amount in order to pay sewer bonds, was effective and controls the issuance of the bonds in this validation procedure.
The special election was called and held on November 8, 1966, in conformity with the provisions of Section 6, Article IX, Constitution of Florida, F.S.A., and in compliance with the pertinent statutes on that date. Cf. Weinberger v. Board of Public Instruction, 93 Fla. 470, 112 So. 253.
No taxpayers, citizens or other persons, except the State Attorney of the Seventeenth Judicial Circuit of Florida, sought to show cause why the sewer bonds authorized should not be validated by the Circuit Court and there was no evidence that any qualified freeholders were deprived of their right to vote, or that irregularities, if any, in voting procedures affected the outcome of the elec *610 tion in any respect. Willets v. North Bay Village, Fla., 60 So.2d 922.
The other contentions have been examined and are also found to be without merit, so the judgment of the lower court is therefor.
Affirmed.
ROBERTS, Acting Chief Justice, DREW, THORNAL, ERVIN and ADAMS, JJ., concur.