The People of the State of New York, Respondent, v. Peter Biocchio, Appellant.

First Department, April 5, 1940.

*Samuel Markowitz*, for the appellant.

*Charles W. Manning, Deputy Assistant District Attorney*, of counsel [*Burr F. Coleman, Deputy Assistant District Attorney*, with him on the brief; *Thomas E. Dewey, District Attorney*], for the respondent.

COHN, J. At the time of the occurrence of the alleged assault, defendant, according to his testimony, was traveling in a southerly direction along the West Side highway of the city of New York at a lawful rate of speed, a fair distance behind another car which, apparently, obstructed his view of the roadway. Only when an automobile in front swerved to the left lane, was he confronted with the two men ahead engaged in cleaning out a sewer drain on the thoroughfare. Concededly, defendant was not driving his car at an excessive rate of speed. Upon all the evidence, there is no showing that the defendant saw, or must have seen, the single warning flag which was posted in the south-bound lanes but fifteen feet north of the point at which the working men were occupied. Nor were there any work wagons, tools or materials piled up at or near the place of the accident to give any indication that men might be at work. When defendant first observed the city employees, he made an effort to avoid the accident by running his car into the embankment on his right-hand side but, unfortunately, it continued off to the left and struck the two men. In view of the serious results of the accident, the punishment, if defendant were guilty, would not be too severe. However, according full weight to the testimony of the People's witnesses, we think that there was a failure to establish beyond a reasonable doubt that defendant was operating his motor car in a culpably negligent manner when the accident occurred.

In *People* v. *Angelo* (246 N. Y. 451) the Court of Appeals defined culpable negligence as " something more than the slight negligence necessary to support a civil action for damages. It means disregard of the consequences which may ensue from the act, and indifference to the rights of others." (See, also, *People* v. *Grogan*, 260 N. Y. 138, 144, and *People* v. *Gardner*, 255 App. Div. 683.)

While the proof in this case may be sufficient to sustain a civil suit, we find no criminal or culpable negligence. There was here no evidence of reckless driving, of intoxication, or of any deliberate defiance of traffic rules or regulations; nor was there any proof that defendant operated his car in willful or wanton disregard of the rights of others.

For the foregoing reasons the judgment of conviction should be reversed and the information dismissed.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Judgment unanimously reversed and the information dismissed.