64 So.2d 677 (1953)
MAXEY
v.
STATE.
Supreme Court of Florida, Special Division B.
April 28, 1953.
Whit Newberry, Jr., Pensacola, for appellant.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
DREW, Justice.
Appellant, George Maxey, was informed against on two counts of manslaughter, the first charging that the manslaughter arose out of the operation of a motor vehicle while drunk, and the second charging that the manslaughter arose out of the operation of the motor vehicle in a reckless and culpably negligent manner.
The lower court directed a verdict of acquittal on the first count. The jury returned *678 a verdict of guilty on the second count, a judgment of guilty was entered and this appeal followed.
The State's strongest evidence was that of V.C. Allen, the Highway Patrol Officer, who appeared on the scene of the accident shortly after it occurred. He testified the defendant was not drunk. He said: "Well, he showed signs of intoxication but he wasn't a drunk man." He further said, when asked if the defendant staggered: "I can't say that he did. He talked and the odor coming from him indicated that he was drinking." The patrolman further testified that the defendant admitted he was "driving pretty fast;" that he didn't know how fast; that he was forced off the road by another car. There is no testimony whatever in the record as to speed except the above statement, a statement made by the defendant to Constable Ward that he wasn't doing over 45 or 50, the testimony of witness Strong that he heard the car pass his house and "it sounded like a car that was in a strain, you know, just whurring, whurring, yes sir, that is what it sounded like, a vehicle that is running fast," and the testimony of King Carter, who was following the defendant that he, the defendant, was not travelling at an excessive speed,  that he wasn't going 60 miles per hour.
As to the physical evidence, we quote from the Attorney General's brief:
"* * * If we eliminate this supposed car or, as King Carter says, `bunch of cars coming around the curve,' the physical facts are that defendant Maxey was driving at a fast but undetermined speed around a curve; that he lost control of his car and went across the highway to the left-hand side and skidded along the shoulder some 300 feet; and that he then changed direction slightly and for another 152 feet skidded along in a direction indicating that he was attempting to regain the highway and then turned over three times, resulting in the death of Felix Brown, who was a passenger in the rear seat." (Emphasis supplied.)
The testimony of King Carter and his wife, State's witnesses, was that they were a short distance behind defendant's car when it overturned on the approach to a curve; that Maxey's car was not being driven at an excessive speed; that as the defendant's car approached the curve there was a bunch of cars coming around it; that one of the cars was hugging the inside of the curve and that Maxey "ditched off the road to the left." There was some discrepancy in the testimony of King Carter and his wife, but reading it carefully the above is what, in substance, both testified to.
In Preston v. State, Fla., 56 So.2d 543, 544, a case in which the facts were very similar to this, we said:
"The `culpable negligence' required to sustain a manslaughter charge must be of `a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them.' Savage v. State, 152 Fla. 367, 11 So.2d 778, 779. And excessive speed alone is not necessarily culpable negligence sufficient to sustain a charge of manslaughter. State v. McComb, 33 Wyo. 346, 239 P. 526, 41 A.L.R. 717; State v. Thomlinson, 209 Iowa 555, 228 N.W. 80; State v. Campbell, 82 Conn. 671, 74 A. 927; People v. Gardner, 255 App.Div. 683, 8 N.Y.S.2d 917, 921. In the case last cited, the New York court said that `The test is not satisfied by proof of excessive speed amounting to negligence but by proof of speed of that character  if such was the case  and other circumstances which, as we have seen, together must show a reckless disregard by the accused of the consequences of his conduct and his indifference to the rights of others.'"
The testimony in this case, taken in the light most favorable to the State, is neither consistent with guilt nor inconsistent *679 with innocence. Liberty is too precious a possession to be taken away on evidence which does not measure up to the requirements laid down by the law for conviction. We are always reluctant to interfere with a jury's verdict but, because of the wholly inconclusive character of the evidence in this case, the ends of justice require that the judgment below be reversed and a new trial ordered.
Reversed and remanded.
ROBERTS, C.J., and HOBSON and MATHEWS, JJ., concur.