THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RONALD JOHN SMAKA, Defendant.

County Court, Lewis County, February 15, 1954.

*Sanford N. Egloff, District Attorney,* for plaintiff.

*Stanley Drejza* for defendant.

MORAN, J. The defendant, Ronald John Smaka, was arraigned in this court on January 5, 1954, upon an indictment for criminal negligence, in violation of section 1053-c of the Penal Law, found by the December, 1953, Grand Jury of the Supreme Court, and transferred to this court for disposition.

Upon the arraignment, the attorney for the defendant moved for a dismissal of the indictment upon the ground that the evidence produced before the Grand Jury was insufficient upon which to find an indictment.

The defendant's attorney made his motion, based upon the minutes of the coroner's inquest, assuming that the minutes of the Grand Jury were substantially the same. The court has read both the minutes of the inquest and of the Grand Jury and they are substantially the same.

The indictment is based upon a new provision of the Penal Law, being chapter 563 of the Laws of 1953, effective July 1st of that year, to wit: " Any person who while engaged in hunting shall discharge a firearm * * * in a culpably negligent or reckless manner, whereby a human being is killed, is guilty of criminal negligence while engaged in hunting."

On November 7, 1953, at about 11:30 A.M., the defendant, his father, Stanley Smaka, Raymond Ulrich, with two other men were hunting in the vicinity of Brantingham Lake, town of Greig, this county; after making two drives for deer, a suggestion was made the party still-hunt through the woods, and starting out on this phase of the hunting, the men were supposedly spread out in a line going through the woods; after a time the defendant and his father came out on or near a trail and were together, the defendant in front of his father, when the defendant, after remarking, " Dad, there's a bear ", aimed and fired his rifle, a 30-30 Winchester lever action rifle; there was a scream or cry and the defendant and his father ran to the place where he had shot and found Raymond Ulrich, on the ground, wounded; Ulrich was removed from the scene and died at St. Luke's Hospital, Utica, November 10, 1953; an autopsy performed gave as cause of death, complications resulting from a gunshot wound.

The motion herein is based on the ground that the wording of the statute is in substance identical to the wording of section 1053-a pertaining to vehicles; our courts have held under that section, that " reckless " and " culpably negligent manner " connote disregard by accused of consequences of his act, indifference to rights of others (People v. Angelo, 246 N. Y. 451, 457; People v. Bearden, 290 N. Y. 478; People v. Gardner, 255 App. Div. 683.)

In his brief of the law, the defendant has cited several cases involving firearms. Generally, I believe we can say that " reckless " and " culpably negligent " mean the same whether applied to a vehicle or a firearm; however, to the writer there

is a great difference between an automobile and a high-power rifle; it is true, one may be as dangerous as the other; but a firearm is a dangerous weapon, it is a weapon for killing; in the instant case the defendant was carrying this weapon to kill, if seen, a wild animal; whether hunting for a deer or a bear, he was bound under the law to kill only a certain sex or age; to determine it was necessary to see, and distinguish, what he shot at; that requires more than aiming and firing a heavy firearm at a moving object. The determination of the acts of the defendant, whether reckless or culpably negligent, under the circumstance of this case are questions of fact for a jury's determination. (*People* v. *Williams,* 187 Misc. 299.)

Defendant's attorney in his brief points out that there is no evidence to indicate the bullet fired from the defendant Smaka's rifle was the actual bullet that struck and caused the fatal wound producing the death of Ulrich; the evidence of the defendant himself is that he aimed and fired his rifle at an object, heard a scream, and ran to the place where he had aimed and at which he had fired his rifle, he found Ulrich wounded, and from which wound he died; this was not a battlefield, I can give little credence to such contention.

Defendant's motion for a dismissal of the indictment is denied.