88 So.2d 924 (1956)
HARVEY SYLVESTER PORTER, APPELLANT,
v.
STATE OF FLORIDA, APPELLEE.
Supreme Court of Florida, En Banc.
April 18, 1956.
On Rehearing July 25, 1956.
*925 Clarence J. Stokes, Sr., and Thomas H. Stokes, Sarasota, for appellant.
Richard W. Ervin, Atty. Gen., and Joseph P. Manners, Asst. Atty. Gen., for appellee.
ROBERTS, Justice.
Appellant was convicted of manslaughter for causing the death of a human being by culpable negligence in the operation of his automobile, and has appealed from the judgment of conviction. The point for determination on this appeal is the sufficiency of the evidence to support the conviction.
The accident resulting in the death of the decedent occurred at 9:30 a.m. on a Saturday morning at a street intersection on the outskirts of the city of Bradenton, but apparently outside the city limits. The appellant was proceeding north on a street which was well marked with "stop" signs prior to its intersection with the street upon which the decedent was travelling in a westerly direction, and which was marked only with a "slow" sign. The right front of appellant's car collided with the left front and side of the decedent's car. There was ample evidence from which the jury could find that the appellant was driving at the rate of 60 or 65 miles per hour and did not stop before entering the intersection.
"Culpable negligence", within the meaning of our manslaughter statute, Section 782.07, Fla. Stat. 1953, F.S.A., means negligence of "a gross and flagrant character, evincing reckless disregard of human life or of the safety of persons exposed to its dangerous effects; or that entire want of care which would raise the presumption of indifference to consequences; or such wantonness or recklessness or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others, which is equivalent to an intentional violation of them." Savage v. State, 152 Fla. 367, 11 So.2d 778, 779.
While excessive speed alone is not sufficient to support a conviction of manslaughter by culpable negligence, Maxey v. State, Fla., 64 So.2d 677; Smith v. State, Fla., 65 So.2d 303, we think that appellant's action in "running" a stop sign at a high rate of speed was, in the circumstances shown by this record, negligence of a "gross and flagrant character" within the definition of culpable negligence, quoted above.
Accordingly, the verdict and judgment of guilty of manslaughter should be and it is hereby
Affirmed.
TERRELL, THOMAS and O'CONNELL, JJ., concur.
DREW, C.J., and HOBSON and THORNAL, JJ., dissent.
DREW, Chief Justice (dissenting).
I cannot agree that the evidence in this cause sustains the verdict of manslaughter.
*926 The accident occurred outside the city limits on a county road in the daylight. There is no evidence in the record establishing the speed limit in this area so we must presume that it was sixty miles per hour. The evidence in the light most favorable to the State establishes the speed of the car at about sixty miles per hour. The driver was perfectly sober and there is no suggestion to the contrary. The sole evidence of reckless driving is that he failed to stop or slow down at a stop street which crossed the highway on which he was travelling. The record shows there was a stop sign on the right side of the road 112 feet from the intersection but there is no evidence in the record that the defendant had ever traversed this road before or was familiar with the locality.
To sustain the conviction of the defendant in this case is tantamount to a holding that if a person is killed because of the failure of a driver of an automobile to stop at a stop sign, such conduct constitutes in itself negligence of such a gross and flagrant character that it evinces a reckless disregard of human life.
There are few, if any, of us who have not through momentary lapse of attention  particularly on strange roads  been guilty of traversing stop streets without slowing down. Such, no doubt, constitutes such negligence as to support a damage action, but I do not think it was ever intended that negligence of that kind was sufficient to support a verdict of manslaughter. It is exceedingly doubtful that such negligence would be sufficient to support an action for punitive damages. I think the case should be reversed on the authority of Miller v. State, 75 So.2d 312, and Koger v. Hallahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886.
HOBSON and THORNAL, JJ., concur.

On Rehearing Granted
O'CONNELL, Justice.
This cause is before us now on petition for rehearing of our opinion affirming the verdict and judgment of guilty of manslaughter.
Appellant, who will hereafter be referred to as defendant, was convicted of manslaughter for causing the death of a human being by culpable negligence in the operation of an automobile. The facts are set forth in the opinion and dissenting opinion rendered by this Court and filed on April 18, 1956 and will not be repeated herein.
From the evidence in this cause it appears that the only evidence of culpable negligence is that the appellant failed to stop at an intersection which was marked by (1) a perpendicular "stop" sign on the side of the road defendant was traveling and by (2) the word "stop" painted on the road. There is no evidence of heavy traffic, weather conditions or other unusual circumstances surrounding the accident or its locale, which was not in the corporate limits of any municipality. There is no evidence of or suggestion that the defendant was drinking or intoxicated. The accident happened in broad daylight. The speed limit we assume to be 60 miles per hour, and the evidence shows that the jury could have found the defendant to have been going between 60-65 miles per hour.
We feel that to sustain the conviction of the defendant under the facts in this cause will be tantamount to a holding that the death of a human being caused by the failure of the driver to stop at an intersection marked by a stop sign constitutes, in and of itself, negligence of such a gross and flagrant character that it evinces a reckless disregard of human life. We do not believe that such was the intent of the legislature in enacting the statute in question. Section 782.07, F.S.A.
There are few, if any, persons who drive automobiles who have not, through momentary lapse of attention, error of judgment, failing to see what they should have seen, particularly on roads not in municipalities, been guilty of running a stop sign at an intersection without slowing down. Such, no doubt, constitutes negligence sufficient to *927 support a damage suit based on simple negligence. We doubt that it would support a verdict under our guest statute. Section 320.59, F.S.A. Nor do we believe that it is sufficient to support a verdict of manslaughter.
True the jury was entitled to consider as evidence, all inferences which would logically flow from the proven facts. It does not follow logically, that one who runs a "stop" sign on a country road while traveling at a speed at or near the limit prescribed by law has exercised the entire want of care which would raise the presumption of a conscious indifference to consequences. Defendant was required to be proved guilty of culpable negligence beyond and to the exclusion of a reasonable doubt.
We feel that the evidence before the jury, taken with all inferences to be logically drawn therefrom, was insufficient to meet the required proof and to overcome the presumption of innocence of the defendant.
The decisions of this Court in the cases of Miller v. State, Fla., 75 So.2d 312, and Koger v. Hollahan, 144 Fla. 779, 198 So. 685, 131 A.L.R. 886, are in accord with our conclusion in this opinion.
The verdict and judgment appealed from is  reversed, on rehearing granted, and we recede from the majority opinion on April 18, 1956.
DREW, C.J., and TERRELL, HOBSON and THORNAL, JJ., concur.
THOMAS and ROBERTS, JJ., dissent.