Alfred J. Hofmann, J.
This is a motion on behalf of the defendant, for an order granting an inspection of the minutes taken before the Grand Jury of the County of Queens or in the alternative, for an order dismissing the indictment herein.
The defendant is indicted for violation of section 1053-a of the Penal Law and driving while intoxicated as a misdemeanor under an indictment filed November 30,1956.
That part of the motion which requests an order granting inspection of the Grand Jury minutes is denied.
The defendant, under the first count, is charged with operating and driving a car in a reckless and culpable and negligent manner, thereby causing the death of another. The hig'her courts have laid down the rules for interpreting the two phrases ££ reckless driving” and ££ culpable negligence.” (People v. Grogan, 260 N. Y. 138,145.)
“ Reckless driving”, standing by itself, means the running or operation of an automobile under circumstances as to show a reckless disregard of the consequences. “ Culpable negligence ” is something more than the slight negligence necessary to support a civil action for damages. It means a disregard of consequences and indifference to the rights of others. (People v. Gardner, 255 App. Div. 683.)
The court has inspected the Grand Jury minutes. Under section 251 of the Code of Criminal Procedure: £ £ The grand jury ought to find an indictment, when all of the evidence before *278 them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury.”
From the facts presented to the G-rand Jury, the court finds that there was not such a proof of such reckless and culpably negligent manner in the operation of the defendant’s motor vehicle as would sustain this indictment. Therefore, the first count of this indictment is dismissed.
Order entered accordingly.