Louis J. Capozzoli, J.
This case was tried by the court without a jury. It is an action for personal injuries brought by the three plaintiffs who were guest passengers in the automobile of defendant. The plaintiff Billy Flanell is the mother of the defendant and the other plaintiffs are friends of both. All of the parties to the action were on a trip from New York City to Miami, Florida. An accident took place on May 2, 1954, *551 a Sunday morning. At the time of the accident the car was owned and driven by the defendant.
It is elementary, of course, that since the accident happened in Florida, the Florida law must be applied. An examination of the Florida law discloses section 1 of chapter 18033 of the Laws of Florida of 1937 which reads in part as follows: “ Section 1. That no person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought, provided that the question or issue of negligence, gross negligence, and wilful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury ’ ’.
Although there was some early conflict in the Florida cases, the case of Cormier v. Williams (148 Fla. 201) finally decided that the terms “gross negligence ” and “wilful and wanton misconduct” were synonymous. “ Gross negligence is a relative term which is to be understood as meaning ‘ a greater want of care than is implied from the term ordinary negligence; but the circumstances of each particular case are to be taken into consideration, and what might merely be ordinary negligence under one set of circumstances or conditions might constitute gross negligence under other conditions or circumstances.’” (Hollander v. Davis, 120 F. 2d 131, 132.) Therefore, the important question which must be determined in this case is whether the defendant at the time of the accident was guilty of gross negligence. Whether he was, or was not, of necessity depends upon the facts proven at the trial.
The proof shows to the court’s satisfaction that this defendant while traveling at a speed of 50 or 60 miles per hour tried to pass a car ahead of his, which was moving at a slower speed. The road was divided into two lanes, one southbound and the other northbound. It was flat and straight. The accident having happened at about 9:30 a.m. on a clear day the visibility was excellent and unobstructed. Although the defendant testified at the trial, he contributed very little by way of explaining how this accident occurred.
There is no doubt that the defendant was engaged in trying to pass this car ahead of his. In attempting to do so he side *552 swiped that car and continued on the wrong side of the road and struck a car head-on, approaching in the opposite direction. When questioned at the trial the defendant testifie i that he thought that the car he was trying to pass was standing still, and further stated that he did not see the car coming1 in the opposite direction and with which he collided on the wrong side of the road. '
One who is operating an automobile at a speed of at least 50 miles per hour and who, while attempting to pass a s over car, or one standing still, ahead of him in the same lane, sideswipes that ear and runs head on into a car, coming in the opposite direction, which he says he did not see before the collision, but which he should have seen if he looked, is guilty of gross negligence. Before he attempted to pass the car ahead of him the defendant should have looked carefully as to what was on the road, especially before moving into the wrong lane. The road being flat and straight, no reason is given as to why he did not see this approaching automobile if he looked.
While it is true that under the Florida law excessive speed is not sufficient to bring the case within the statute (Orme v. Burr, 157 Fla. 378), this court is not deciding this case on excessive speed. The court finds that the act of defendant in trying to pass the car ahead of his, was of such character that he knew or should have known, that by doing the act in' the manner, disclosed by the evidence, as recited above, he placed his passengers in danger of injury (McMillan v. Nelson, 149 Fla. 334; see, also, Cormier v. Williams, 148 Fla. 201, supra). This is unlike the case of Koger v. Hollaban (144 Fla. 779) where it was held that averment of insufficient time and space to pass the car in front, in order to avoid the one approaching, merely charged an error of judgment. In the ease at bar there is much more. The defendant should have looked before attempting to pass. His statement at the trial that he did not see the approaching car on this straight road means he did not look.
The court is left in the position of having no choice but to find from all the evidence in the case that this defendant was guilty of gross negligence which was the proximate cause of the accident and, therefore, this court finds in favor of the plaintiffs and against the defendant.
The plaintiff, Rose Dienner, sustained a fracture of the distal end of the right radius and ulna, laceration of lower lip and an injury to her right shoulder and neck. She was away from work for about six months and lost earnings as a result thereof. The court awards damages to hér in the sum of $7,500.
*553 In the case of Ida Goldberg, she sustained a fracture through the conjoined ramus of the ischium and pubis and a fracture through the ischial tuberosity, together with soft tissue damage. These injuries produced effects- which the court believes are permanent. She also lost two teeth, and, in addition, had multiple bruises and contusions. She was away from work for over two years and at the time of the trial still complained of pains in the left knee and pubic region. The court awards damages to her in the sum of $25,000.
The plaintiff, Billy Flanell, mother of the defendant, sustained a bimalleolar fracture of the left ankle, fractures of the right first, second and fifth ribs and multiple lacerations of the face. The facial lacerations required 24 sutures and a scar has resulted therefrom. She was away from work for about six months. The court awards damages to her in the sum of $12,000. '
The motion of the defendant, made at the close, of the entire case, to dismiss the complaint, decision of which was reserved, is hereby denied.
This constitutes the decision of the .court pursuant to section , 440 of the Civil Practice Act. The clerk is directed to enter judgment according to the above.