■ ROSE DIENNER et al., Respondents, v. STANLEY FLANELL, Appellant.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The three plaintiffs, who are the defendant's mother and two friends, were passengers in an automobile driven by defendant. Plaintiffs were injured when the vehicle in which they were riding was involved in an accident in Miami Beach, Florida. Under the Florida law (Florida Statutes, § 320.59), which would be applicable here, a passenger may recover damages against the owner or operator of the motor vehicle in which he was riding only if the accident was " caused by the gross negligence

or willful or wanton misconduct of the owner or operator of such motor vehicle" proximately causing the injury. (See *Koger* v. *Hollahan,* 144 Fla. 779; *Porter* v. *State,* 88 So. 2d 924 [Fla.]; *Faircloth* v. *Hills,* 85 So. 2d 870 [Fla.]; *Hollander* v. *Davis,* 120 F. 2d 131.) We conclude that the decision of the Trial Justice in finding gross negligence under the Florida Guest Statute is against the weight of the credible evidence. Moreover, a new trial would in any event be necessary to give the defendant an opportunity to produce the witness Mr. Stelts, who took the statements of the parties immediately after the accident, and to obtain a witness to identify the photographs (Defendant's Exhibits A, B and C for Identification) which were excluded from evidence. In view of the sharp conflicts between the testimony of plaintiffs and their prior statements, and the importance of the photographs to show the manner in which the accident happened, defendant should not have been precluded from obtaining the witness Stelts or getting a proper identification of the photographs. If and when the testimony of Stelts is heard, and the photographs properly identified, the trial court will be in a more favorable position to resolve the issues. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ. [11 Misc 2d 550.]