Henry A. Hudson, J.
The defendant has moved for permission to inspect the Grand Jury minutes upon which the indictment charging him with criminal negligence, pursuant to section 1053-a of the Penal Law was found.
The defendant has submitted with his moving papers, affidavits of the principal witnesses who appeared before the Grand Jury indicating the nature of their testimony before the Grand Jury and upon the strength thereof, urges that the indictment must have been found upon insufficient evidence. He requests permission to examine the Grand Jury minutes for the purpose of ascertaining if any other evidence was submitted and in the absence thereof, represents that he will make a motion upon the Grand Jury minutes to dismiss the indictment as being-founded upon insufficient evidence.
I am satisfied that the application of the defendant is made in good faith and that it is his intention, if permitted to examine the Grand Jury minutes to move for a dismissal of the indictment. In my opinion, in the absence of some showing to the contrary by the People, that under the authority of People ex rel. Hirschberg v. Supreme Court (269 N. Y. 392) and People v. McOmber (206 Misc. 465) that the court has jurisdiction to entertain this application and that the defendant is entitled to *1034 examine the Grand Jury minutes for the purpose of moving thereon to dismiss the indictment.
The People appeared in opposition to the application but submitted no authorities or any answering affidavits, it being the court’s impression that they were submitting the matter to the court for its determination. I have examined the Grand Jury minutes with care. I am satisfied that there is nothing therein which would reveal to the defendant any additional information, either as to additional witnesses or as to additional facts than those generally covered in the affidavits of the witnesses who appeared before the Grand Jury, copies of which were annexed to the defendant’s moving papers.
I am, therefore, satisfied that the People’s case will not be in any way prejudiced if the defendant is permitted to examine the Grand Jury minutes for the purpose of making a motion to dismiss the indictment.
The defendant urges that the evidence which was submitted to the Grand Jury was not sufficient to justify finding an indictment against him for a violation of section 1053-a of the Penal Law, which reads as follows: “ § 1053-a. Criminal negligence in operation of vehicle resulting in death. A person who operates or drives any vehicle of any kind in a reckless or culpably negligent manner, whereby a human being is killed, is guilty of criminal negligence in the operation of a vehicle resulting in death” in that the only evidence of negligence upon the part of the defendant was that he was traveling at an excessive rate of speed and that he was prior to the accident on the wrong side of the road, which in and of itself, while possibly constituting negligence, does not constitute reckless or culpable negligence. The defendant further urges that in the absence of some proof of the operation of the defendant’s automobile in a “ reckless ” or “ culpably negligent manner ”, a conviction for a violation of section 1053-a of the Penal Law cannot be sustained. He cites People v. Gardner (255 App. Div. 683)..
In People v. Gardner (supra) Justice Lewis, in holding section 1053-a of the Penal Law constitutional, pointed out that the courts, prior to the enactment of section 1053-a had already construed -the meaning of the words, “reckless driving” and 1 ‘ culpable negligence ’ ’ and that the Legislature is presumed to have, had knowledge of such prior judicial construction at the time of enacting section 1053-a. Therefore, the words “ reckless ” and “culpably negligent manner” as used in section 1053-a must be construed in accordance with such prior judicial interpretation. Justice Lewis then stated at page 685: “ Applying these rules to the solution of our problem, *1035 we find that prior to the enactment of the statute here in question the meaning of the two phrases ‘ reckless driving ’ and ‘ culpable negligence ’ have been judicially defined in cases where they were employed to fix penal responsibility. It has been ruled that ‘ Beckless driving * * * standing by itself means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences ’. (People v. Grogan, supra, p. 144.) At an earlier date and after a careful study of the historical background afforded by the common law, the same court ruled that ‘ “ Culpable ” negligence is therefore something more than the slight negligence necessary to support a civil action for damages. It means disregard of the consequences which may ensue from the act, and indifference to the rights of others. No clearer definition, applicable to the hundreds of varying circumstances that may arise, can be given. ’ (People v. Angelo, 246 N. Y. 451, 457.) The two opinions last cited, with the wealth of authority which each collates, save from vagueness the statute which we are now construing. Each decision antedates the enactment of section 1053-a and accordingly, as we have seen, we are permitted to ascribe to the words ‘ reckless ’ and 1 culpable negligence ’ the elements of 1 disregard of the consequences ’ and an ‘ indifference to the rights of others ’ upon which the emphasis of judicial definition has been placed.” (See, also, People v. Bearden, 290 N. Y. 478.)
Under the above decisions, I believe that the defendant is justified in seeking to move to dismiss the indictment and should have permission to examine the Grand Jury minutes for the purpose of making such application.
Order may be submitted directing that the defendant may be provided with the transcript of evidence adduced before the Grand Jury upon which the indictment was found.