WILLIAM J. O'MALLEY, Respondent, *v.* ANTHONY JEGABBI, Appellant.

Third Department, March 6, 1961.

*H. E. Blodgett* and *Howard A. Levine* for appellant.

*Cerrito, Clayman & Mead* (*Daniel D. Mead* of counsel), for respondent.

REYNOLDS, J.   Respondent in this case claims injuries received while riding as a gratuitous guest in a motor vehicle owned and operated by appellant on Vermont highway Route 22-A on January 28, 1953.   (The laws of the jurisdiction where the accident occurs govern the liability of the defendant [*Smith* v. *Clute*, 277 N. Y. 407].)   The Vermont guest statute (Vermont Stats. Ann. [1959], tit. 23, § 1491) saves appellant harmless if he were guilty of just ordinary negligence, requiring for liability, gross or willful negligence on the part of the operator.

" 1491. Liability of operators to guest occupants

" The owner or operator of a motor vehicle shall not be ·liable in damages for injuries received by any occupant of the same occasioned by reason of operation of such vehicle   *   *   * unless such injuries are caused by the gross or wilfull negligence of the operator."

Gross negligence in Vermont was defined by the Vermont Supreme Court in *Shaw* v. *Moore* (104 Vt. 529) and the rule of gross negligence as defined by the courts of Massachusetts adopted (p. 531).   " However, the law of Massachusetts has long recognized the doctrine of definitive degrees of negligence   *   *   *   and the Supreme Judicial Court of that state, while admitting the inherent impossibility of defining ' gross negligence ' with the utmost precision   *   *   * has given to it a

meaning of sufficient distinctness to be applied usefully by courts and juries to particular facts before them * * *. *We adopt the definition of that court.* Gross negligence is substantially and appreciably higher in magnitude and more culpable than ordinary negligence. Gross negligence is equivalent to the failure to exercise even a light degree of care. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty, and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a *heedless* and *culpable* violation of legal duty respecting the right of others. The elements of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is manifestly a smaller amount of watchfulness and circumspection than the circumstances require of a prudent man ''. (Emphasis supplied.) This definition has been consistently adhered to by the Vermont courts.

A jury in the instant case upon a proper charge has found a verdict for the respondent in the sum of $4,000. Appellant in this appeal claims that as a matter of law, his operation of the vehicle constituted nothing more than ordinary negligence, if that. He further claims the verdict was grossly excessive.

The facts are virtually undisputed but from the testimony most favorable to respondent, the following might be found. Respondent was extended the invitation of transportation from his home in Schenectady to the college which he attended in Middlebury, Vermont, by a classmate, whose uncle, the appellant, had offered to drive them there. At 9:00 A.M. on January 28, 1953, they departed in appellant's new Packard, proceeded up Route 9 and eventually easterly to Whitehall, New York, and then to Fair Haven, Vermont, where they entered Route 22-A. Up to this point it had been raining intermittently and the roads were wet, but not hazardous to any great degree. Route 22-A from Fair Haven on, however, was very slippery. Its surface had been pelted with freezing rain and by the time appellant entered upon it a light snow had covered the ice. At a point approximately four miles north of Fair Haven appellant, traveling in a northerly direction at a speed of 35 miles per hour came upon a slow moving vehicle proceeding ahead of him. This vehicle was overtaken at the bottom of a hill and

defendant stayed behind and slowed down while ascending the incline. After going over the crest, appellant pulled out, accelerated, and passed the other vehicle. Appellant's car, as he was attempting to bring it back into the driving lane, began to swerve from side to side on the icy surface. This erratic and uncontrollable action of the car gained in intensity as it proceeded down the hill which consisted of a sweeping curve to the left and then a sharp curve to the right at the bottom. The car left the road 1,900 feet from the crest near the bottom of the hill. Appellant and his nephew who were seated in the driver's side and the middle of the front seat respectively were thrown from the car as the left door flew open. Respondent, who was seated on the right in the front seat, remained in the car as it hit several small trees and finally came to rest against a large one.

When appellant was passing, his speed was 35 to 40 miles per hour. This speed increased to around 45 miles per hour as the car gained slight momentum as it proceeded down the hill. He started to pass at a point approximately 125 feet north of the crest of the hill. The other car was passed about 300 feet beyond that point or 425 feet from the crest. There was no contact between the cars. At this point, as appellant attempted to re-enter the driving lane, the car initially started to swerve. When the maneuver was started there was at least 400 to 800 feet of clear visibility ahead entering the gradual sweeping curve to the left. Although there was a "no passing" sign on the downgrade of the hill, north of the point where appellant began to lose control, there was no such sign at or near the point where he started to pass. He had never travelled this road before.

Respondent admits upon the above facts that no single act of appellant in the operation of his vehicle constituted gross or willful negligence, but that his series of acts of alleged simple negligence in the aggregate combined to constitute the requisite gross negligence, or so a jury could find, upon the authority of *Kerin* v. *Coates* (112 Vt. 466).

In *Kerin* v. *Coates* (*supra*), it was held that the plaintiff need not show that any single act of the defendant constitutes gross negligence as defined, in order to recover. In the *Kerin* case, the appellate court found that the evidence indicated that the defendant had entered the right-hand branch of the road which formed a "Y" at an intersection. That branch of the road was on a 6% upgrade with a slight curve to the west. The road was slippery with snow and ice. The defendant entered the curve on the wrong side of the road at about 50 miles per hour.

Another car approached from the opposite direction and both cars could be visible for about 400 feet, if the drivers were maintaining a proper lookout. There was a curve sign near the entrance and a stop sign at the intersection. The automobiles collided. The jury found for the plaintiff and the defendant appealed from the denial of his motion for a directed verdict. The court in affirming the verdict held (pp. 469–470):

" The Massachusetts court, whose definition of gross negligence as applied to automobile operation is identical with our own, has said that the driver's conduct may amount to gross negligence without any single circumstance appearing to afford a basis for such conclusion if the combination of circumstances warrants such finding.   *   *   *

" In our opinion the jury could properly find that this defendant was guilty at least of ordinary negligence, under the circumstances disclosed by the evidence to which we have referred, *in driving at the speed he did, in driving where he did and in failing to see the approaching car as soon as he could and should have seen it.* In considering whether he was guilty of gross negligence the fact that there was evidence of his negligence in these three respects tended to indicate that such negligent acts were not all due merely to an error in judgment, momentary inattention or loss of presence of mind, which we have said do not alone constitute gross negligence.''

In our view, the facts in the instant case do not bring it within the authority of *Kerin (supra)*, which did not relax the requirement that the defendant's gross negligence whether it be a single act or a series of acts, must proximately cause the plaintiff's injuries. Each of the three definite negligence acts on the part of the defendant in *Kerin (supra)* materially contributed to the accident and without the existence of *all of the acts* there would not have been an accident. In the instant case there were no such series of ordinary negligent acts which proximately contributed to the happening of the accident. There is no evidence that appellant was negligent in the operation of his vehicle once it began to skid. Prior to the skid, respondent's proof of appellant's conduct in the operation of his vehicle shows that: (1) he was traveling up a hill on a generally icy highway (2) that he increased his speed from 25 miles per hour to 35 or 40 miles per hour after he reached the crest of the hill to pass a slower moving vehicle. It is not seriously urged by respondent that the road signs had any connection with the accident, and of course they did not. When you are proceeding up a hill, the legend " Hill " on a sign at the side of the road is not important news. A sign on the downgrade " Unsafe to

pass on Hill '' several hundred feet from the practically level top of the hill where the passing maneuver was taking place has no significance, and if legally erected, which not proven, is there to prevent head-on collisions with oncoming traffic. Essentially this is a skidding case which a jury might find constituted ordinary negligence because of the speed under the conditions, but does not meet the test of gross negligence in Vermont or probably in any other State. The conduct of appellant in the operation of his car does not show a protracted and persistent course of negligent conduct. It does not add up to deliberate heedlessness which marks the Vermont and Massachusetts cases, where gross negligence has been found. '' Gross negligence ' is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. * * * The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence '. (*Altman* v. *Aronson, 231* Mass. 588, 591, 592, *supra.*) '' (*Sharick* v. *Marvin,* 1 A D 2d 284, 286–287.)

In a number of Massachusetts cases involving the combining factors of downgrades, curves, speed and skidding, negligence of a character aggravated well beyond any degree of negligence which might be found from the proof here has been held insufficient to constitute gross negligence. (See *Driscoll* v. *Pagano,* 313 Mass. 464 and cases there cited.) Close indeed to the instant case is *Sharick* v. *Marvin* (1 A D 2d 284, *supra*) where skidding on a slippery road while negotiating a curve at a speed of at least 45 to 50 miles per hour and failure to regain control of her car once the skid had commenced, was held neither singly nor in combination, to constitute gross negligence as defined by the Massachusetts courts. (Cf. *Dienner* v. *Flanell,* 11 Misc 2d 550, revd. 6 A D 2d 1028.) Appellant's negligence here consisted solely of the fact that he miscalculated his chances of returning to the driving lane on the icy surface at the speed he would have to attain in passing the other car. This one negligent error of judgment set in motion a chain of events which are not classifiable in and of themselves as separate negligent acts combining to create a basis for the finding of gross negligence.

For the above reasons we find the judgment should be reversed on the law and the complaint dismissed.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Judgment unanimously reversed on the law and the complaint dismissed.